**Ray B. HERROD, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. A–17610.**

Court of Criminal Appeals of Oklahoma.

Dec. 13, 1972.

Cornish, Cornish & Wright, Inc., McAlester, for appellant.

Larry Derryberry, Atty. Gen., Michael Cauthron, Asst. Atty. Gen., for appellee.

## OPINION

BUSSEY, Presiding Judge:

Appellant, Ray B. Herrod, hereinafter referred to as defendant, was charged and tried in the District Court of Pittsburg County for the offense of Shooting With Intent to Kill, After Former Conviction of a Felony. He was found guilty of the lesser offense of Assault and Battery With a Dangerous Weapon, After Former Conviction of a Felony. His punishment was fixed at eight (8) years imprisonment, and from said judgment and sentence, a timely appeal has been perfected to this Court.

At the trial, Roy Johnson testified that he was employed as the transportation officer at the state penitentiary and had been so employed for approximately 23 years. On October 31, 1971, he proceeded to Dallas to pick up the defendant and bring him to the penitentiary. The defendant was handcuffed and a belly chain was placed around his waist prior to leaving Dallas. When they were approximately two and one-half miles south of Kiowa, the defendant jumped between Johnson and the steering wheel. While he was scuffling with the defendant and attempting to stop the vehicle, the defendant grabbed the pistol from Johnson's belt and pointed it at him. Johnson reached for the pistol and pushed it up. The defendant fired the weapon and Johnson was struck in the left hand by the bullet. He continued to struggle with the defendant and managed to get the pistol back.

 The first proposition asserts that the evidence was insufficient to sustain a verdict of guilty. We have consistently held that where there is competent evidence in the record from which the jury could reasonably conclude that the defendant was guilty as charged, the Court of Criminal Appeals will not interfere with the verdict, since it is the exclusive province of the jury to weigh the evidence and determine the facts. Turner v. State, Okl. Cr., 479 P.2d 631.

The final proposition asserts that the punishment is excessive. We need only observe that the verdict is well within the range provided by law and does not shock the conscience of this Court.

The judgment and sentence is affirmed.

BLISS and BRETT, JJ., concur.